IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND JONES,

                         Petitioner,

    v.                                                                                                   ORDER

WARDEN CHRIS BUESGEN,                                        21-cv-294-wmc

                       Respondent.

---

Petitioner Raymond Jones seeks relief under 28 U.S.C. § 2254 following convictions for several offenses, including attempted first-degree intentional homicide. *See* Dkt. 1; Forest County Case No. 2014CF000033. Jones also seeks to supplement his petition and requests appointment of counsel. *See* Dkt. 14 and Dkt. 15.

A habeas petitioner must "specify" all the grounds for relief available to him, *see* Rule 2(c)(1), Rules Governing § 2254 Cases ("Habeas Rules"), and support each ground with enough facts to warrant habeas relief, *see McFarland v. Scott*, 512 U.S. 849, 856 (1994). The petition "must substantially follow the form appended" to the Habeas Rules. Rule 2(d), Habeas Rules. That form, which this court has adopted, requires specific information about the petitioner's exhaustion of state-court remedies. The petitioner must sign the petition "under penalty of perjury." Rule 2(c)(5), Habeas Rules.

Jones alleges that his conviction violated several constitutional provisions, Dkt. 1 at 3–4, but he offers no clear statement of his grounds for relief and provides no facts to support these conclusory grounds. Also, the petition contains no information about whether Jones has exhausted state-court remedies and is not signed under penalty of perjury. The petition does not comply with the Habeas Rules.

Therefore, the court will order Jones to file an amended petition on the court's habeas form. The amended petition must:

- Specify all the grounds for relief available to Jones;
- State the facts supporting each ground;
- State the relief requested;
- Be printed, typewritten, or legibly handwritten; and
- Be signed under penalty of perjury.

If Jones needs additional space to allege facts supporting his claims, he may, if he wishes, file a supplemental brief not to exceed 10 pages. Any text or handwriting in the amended petition or supplemental brief must be large enough and spaced well enough to allow the court to read it easily.

Because the court is ordering Jones to amend his petition, it will deny as moot his motion to supplement the petition. Jones may allege the claim he mentions in his supplement in his amended petition.

The court may appoint counsel for Jones if "the interests of justice so require" and Jones is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, courts generally consider whether the petitioner can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a reasonable chance of winning with a lawyer at his side. *See e.g.*, *Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000).

At this early stage, the record does not indicate that Jones can obtain justice only if counsel represents him. So the court will deny his motion to appoint counsel without prejudice. This means that Jones may file another motion to appoint counsel if the case

moves past the screening stage and later circumstances indicate that the appointment of counsel may be warranted.

## ORDER

IT IS ORDERED that:

1. Petitioner has until April 2, 2203 to file an amended habeas petition in accordance with this order.

2. Petitioner's motion to appoint counsel, Dkt. 14, is DENIED without prejudice.

3. Petitioner's motion to supplement, Dkt. 15, is DENIED as moot.

4. The clerk of court is directed to send petitioner copies of this order and the court's form for § 2254 cases.

Entered March 3, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge