IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND JONES,

                                Petitioner,

        v.                                                    OPINION and ORDER

BRIAN CAHAK,                                                  21-cv-294-wmc

                                Respondent.

---

Petitioner Raymond Jones, a prisoner at Oshkosh Correctional Institution who is representing himself, has brought a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2015 Forest County Circuit Court conviction for disorderly conduct and being a party to the crimes of aggravated battery, false imprisonment, kidnapping, attempted first-degree intentional homicide, strangulation, and two counts of contributing to the delinquency of a child.  (Dkt. #27.)  *See also State v. Jones*, No. 2016AP1260, 2018 WL 11428724, at *1 (Wis. Ct. App. Oct. 30, 2018); Forest County Case No. 2014CF000033.[1]  The court ordered respondent to respond to petitioner's third claim that the sentencing judge violated his constitutional rights by quoting a biblical passage about vengeance during petitioner's sentencing hearing.[2]  (Dkt. #57).  As explained below, Jones' petition must be denied because: (1) he filed his amended petition raising the claim after the expiration of the applicable statute of limitations period; (2) he has failed to establish grounds to overcome the procedural default of his claim based on his failure to exhaust it; and alternatively, (3) the Wisconsin Court of

---

[1] Petitioner's state court record is publicly available at https://wcca.wicourts.gov.

[2] While the court's show cause order characterized Jones' challenge as arising under the First Amendment, his amended petition also cites the Due Process Clause of the Fourteenth Amendment.  Respondent has addressed both theories is his response.

Appeals reasonably applied clearly established federal law and based its decision on an unreasonable interpretation of the facts in rejecting the claim.

BACKGROUND[3]

**A.  Charges and Trial Court Proceedings**

In March 2014, Raymond Jones, April Jones (his wife), Justin Bey, and Samantha McClellan were charged as co-defendants as parties to the crimes of aggravated battery, false imprisonment, kidnapping, attempted first-degree intentional homicide, and two counts of intentionally contributing to the delinquency of a child.  Jones and Bey were also charged with strangulation, as parties to the crime, and Jones was charged with disorderly conduct.  The charges were based on allegations that Jones and the others held S.R., an adult guest in Jones' home, captive for two days, during which time they severely beat him, subjected him to degrading treatment, and intentionally left him to die in a remote location in northern Wisconsin.  Jones also was accused of directing his two children, ages 11 and 13, to participate in the beatings.  Although S.R. survived, he was severely injured and lost a leg.

Jones was tried separately from his co-defendants.  On the day of trial, Jones pleaded no contest to the charges of false imprisonment, both counts of contributing to the delinquency of a child, strangulation, and disorderly conduct.  However, he proceeded to a jury trial on the remaining counts, for which he was found guilty.

---

[3] The following facts are taken from Jones' amended petition (dkt. #27), the state court sentencing hearing transcript (dkt. ##61-17 and 61-6, at 25), and the court of appeals' decision affirming Jones' convictions and sentence, *State v. Jones*, No. 2016AP1260, 2018 WL 11428724 (Wis. Ct. App. Oct. 30, 2018) (dkt. #61-12).

At Jones' sentencing hearing on September 14, 2015, the State recommended a combined sentence of 27 years initial confinement and 10 years extended supervision. Jones' defense counsel requested 10 years initial confinement and 20 years extended supervision. During his allocution, Jones requested leniency and described his involvement in a group called the "Christian Motorcycle Association," which he said tries to "get other bikers in touch with Christ" and provides athletic equipment for children. (Dkt. #61-17, at 30.)

The circuit court sentenced Jones to 24 years initial confinement and 16 years extended supervision. In imposing the sentence, the circuit court applied the three sentencing factors required under Wisconsin law -- the gravity of the offense, defendant's character, and public safety -- and determined that Jones' offenses were "extreme[ly]" grave, his character was poor, and Jones posed a significant threat to public safety. (Dkt. #61-17, at 34-48.) With respect to the second two factors in particular, the court faulted Jones for taking matters into his own hands when he learned that S.R. had touched his daughter. The court further noted that Jones had asked a fellow Christian Motorcycle member for advice about how to respond to what S.R. had done, and the man told Jones to call the police, but Jones and the others nonetheless decided to "[t]ak[e] vengeance upon [S.R.] at their own hands . . . leaving him out in the woods for dead." (Dkt. #61-17, at 46; dkt. #61-6, at 25.) Next, addressing Jones directly, the court stated:

> Mr. Jones, you have spoken of your belief that you were protecting people that were close to you. You have described your activities with the Christian Motorcycle Association as getting other bikers and other people in touch with Christ, and I certainly do not question a person's the sincerity of a person's religious beliefs, but what happened here is in response to something that was done to another[,] and you took justice into your own hands. I do not study scripture, but I am familiar with the biblical teachings in general, and . . . I'm sure [you are] aware of Romans 12:19 where it is written "Venge[a]nce is mine. I will repay say it

3

> the Lord".  You do not follow the covenants that you profess to
> adhere to and you certainly did not comport yourself with the law
> that I'm obligated to follow.

(*Id.*)

## B.  No Merit Appeal and Postconviction Motions

Jones, through appointed counsel, filed a no-merit report in September 2016, concluding that there were no claims of arguable merit related to the plea hearing, trial, and sentencing.  Jones submitted several filings in response, arguing in relevant part that counsel overlooked a viable claim that the sentencing court improperly quoted the Bible in imposing his sentence.  In a supplemental no-merit report, counsel responded that the circuit court used the biblical quotation in a "secular" attempt to "address and measure the significance of remarks [] Jones made in his allocution" about his involvement in the "*Christian* motorcycle club to somehow mitigate his criminal conduct."  (Dkt. #61-10, at 9-10.)

The Wisconsin Court of Appeals summarily affirmed Jones' conviction and sentence on October 30, 2018, holding that there was no arguable merit to any issue that could be raised on appeal.  With respect to Jones' claim that the sentencing judge violated the Establishment Clause of the First Amendment by quoting the Bible, the court of appeals held:

> The supplemental no-merit report addresses this claim and
> concludes that the sentencing court's quotation of a Bible verse
> did not amount to reliance on an improper factor in determining
> the sentence.  We agree with the assessment that the quotation
> was in fair response to Jones's personal remarks at sentencing in
> which he attempted to mitigate his behavior because he had
> contacted his Christian motorcycle club for advice on how to
> punish S.R. for touching Jones's daughter.  The sentence was not
> based on the quoted verse but on other appropriate facts and
> considerations.

*See Jones*, 2018 WL 11428724, at *5.  While Jones filed a petition for review of that decision in the Wisconsin Supreme Court on February 22, 2019, he did not discuss his First Amendment claim apart from making a vague reference to "abuse of judicial discretion" in a list of issues in the introductory section of the petition.  (Dkt. #61-13.)  The Wisconsin Supreme Court summarily denied the petition for review on May 14, 2019.  *State v. Jones*, 2019 WI 72, 387 Wis. 2d 209, 928 N.W.2d 784.

Jones also appears to have filed a postconviction motion on November 22, 2019, which the circuit court denied on June 1, 2020.  However, Jones did not appeal the denial of that motion.

## C.  Federal and State Habeas Proceedings

On July 23, 2019, Jones filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Wisconsin, Case No. 19-cv-1052.  However, Jones did not raise any claim regarding the sentencing judge's comment in that petition, which the Eastern District dismissed without prejudice on Jones' motion.

On September 1, 2020, Jones filed a state petition for a writ of habeas corpus asserting ineffective assistance of counsel under *State v. Knight*, 168 Wis. 2d 509, 485 N.W.2d 540 (1992), which the state court of appeals denied on October 16, 2020.  (Dkt. #1-2, at 2-5, 15-17, and 104.)  The Wisconsin Supreme Court summarily dismissed Jones' petition for review on January 26, 2021.  (*Id*. at 14.)

On April 12, 2021, petitioner instituted further federal habeas proceedings by filing a "Brief of Writ of Habeas Corpus:  Knight Petition" in the Court of Appeals for the Seventh Circuit (dkt. #1-2, at 3-13), which the court of appeals construed as a federal petition for a

writ of habeas corpus and transferred to this court (dkt. #4).  That petition did not challenge the sentencing judge's biblical quotation.  On March 3, 2023, this court directed petitioner to file an amended petition more clearly specifying his grounds for relief.  (Dkt. #20.)  Jones raised three grounds for relief in his amended petition, including for the first time a claim that the sentencing judge violated his First Amendment and Due Process rights by quoting a biblical passage at the sentencing hearing, to which this court ordered the State to respond.  Respondent initially moved to dismiss Jones' petition as second and successive, which this court denied on July 11, 2024, and filed his response to the petition on October 9, 2024.

## OPINION

In this court, Jones argues that his conviction should be vacated because the sentencing judge violated his rights under the Establishment Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment by quoting a Biblical passage at his sentencing hearing.  Specifically, petitioner contends that the state court judge was taking "his own vengeance out on" him.  (Dkt. #27, at 10.)  Respondent argues that Jones' claim fails on the following procedural and substantive grounds:  (1) Jones filed his amended petition raising the claim after the one-year statute of limitations period had expired; (2) Jones did not fairly present his claim in his petition for review to the Wisconsin Supreme Court and has not shown any grounds for overcoming that procedural default; and (3) the Wisconsin Court of Appeals' decision denying Jones' claim is neither contrary to, nor an unreasonable application of, clearly established federal law or based on an unreasonable interpretation of the facts.  The court agrees with all of respondent's contentions for the reasons below.

### A. Procedural Defects

A person seeking a writ of habeas corpus under 28 U.S.C. § 2254 must comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). For challenges to a state court judgment of conviction, that limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for state post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2); *see also Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (only "properly filed postconviction action" will toll the limitations period under § 2244(d)(2)). However, state postconviction motions or appeals filed *after* the limitations period has run are "irrelevant" because they do "not restart" the limitations period after it has run. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[A] state proceeding that does not begin until the federal year has expired is irrelevant.").

Having now reviewed the state court records provided by Jones and the State, it is clear that Jones' conviction became final on August 13, 2019, the 91st day after the Wisconsin Supreme Court denied his petition for review on May 14, 2019. *See* S. Ct. Rule 13(1) (providing additional 90 days to petition U.S. Supreme Court for certiorari). However, it appears that certain state court activity may have tolled the one-year limitations period for 337 days: (1) the postconviction motion Jones filed on November 22, 2019, and the circuit court denied on June 1, 2020, with no appeal (tolling for 193 days); and (2) the state habeas corpus petition Jones filed on September 8, 2020, which the state court of appeals denied and the Wisconsin Supreme Court declined to review on January 29, 2021 (tolling for 144 days).

Accounting for these tolling periods, Jones had until July 16, 2021, to file a federal habeas petition raising his claim.

While Jones filed a federal habeas petition in the Eastern District of Wisconsin within this statute of limitations period on July 23, 2019, he did not raise any claim regarding the sentencing judge's biblical quotation in that habeas petition, which was dismissed without prejudice on Jones' motion.  Petitioner also did not raise any claim related to the sentencing judge's biblical quotation in the habeas petition he filed in the Seventh Circuit and transferred to this court in April 2021.  (*See* dkt. ##1 and 4.)  Indeed, petitioner raised his current claim for the first time on federal habeas review in his amended petition on May 22, 2023, well after his statute of limitations expired on July 13, 2021.  Therefore, Jones' current claim is barred by the statute of limitations.[4]

An untimely petition may be salvaged if grounds exist to equitably toll, or pause, the running of the limitations period.  However, the Supreme Court has explained that "a petitioner is entitled to equitable tolling *only* if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (equitable tolling is extraordinary remedy that is rarely granted).  In addition, a petitioner who fails to qualify for equitable tolling may still avoid application of the statute of limitations based on a credible claim of actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Schlup v. Delo*, 513 U.S 298, 329 (1995) (A petitioner must persuade court "that, in light of . . . new evidence, no juror,

---

[4] The filing of Jones' two previous federal habeas petitions do not toll the statute of limitations under 28 U.S.C. § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 172-73 (2001).

acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").  However, Jones has not argued that equitable tolling applies in his case, nor has he made a claim of actual innocence or pointed to any new evidence that would satisfy this standard.

### B.  Procedural Default

Next, respondent is correct that Jones procedurally defaulted his claim by failing to fairly present it in his petition for review to the Wisconsin Supreme Court.  *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim.").  While Jones used the phrase "abuse of judicial discretion" in a list of issues in his petition for review, he said nothing about the sentencing court improperly referencing scripture when imposing his sentence.

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, or he can establish that the denial of relief will result in a miscarriage of justice."  *Lewis*, 390 F.3d at 1026; *see also Wilson v. Cromwell*, 69 F.4th 410, 421 (7th Cir. 2023) ("[M]iscarriage of justice exception applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted," based on "new reliable evidence.") (internal quotation omitted).  Jones has not addressed respondent's arguments regarding procedural default, nor has he alleged any facts demonstrating either an adequate cause for his default or new reliable evidence of actual innocence.  Accordingly, Jones' petition for federal habeas relief also must be denied on the ground of unexcused procedural default.

### C. Merits of Claim

Finally, Jones would not be entitled to habeas relief even if his petition was not barred on the above procedural grounds.  Because the Wisconsin Court of Appeals addressed the merits of Jones' claim, which it analyzed as a due process challenge, Jones is not entitled to relief unless he shows:  (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1); *or* (2) the state court's adjudication of his claims "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

The state court of appeals reasonably determined that the circuit court judge did not rely on his religious beliefs in determining Jones' sentence and quoted the Bible only in response to Jones' remarks that he was a member of a Christian motorcycle club and had sought advice from the club members on how to punish S.R.  Indeed, the sentencing judge did not describe his personal religious beliefs and instead made clear that Jones had taken justice into his own hands in direct contradiction to biblical teachings to which Jones professed adhere. Jones has failed to cite any United States Supreme Court authority, and the court has found none, holding that any reference to scripture by a sentencing judge automatically violates the defendant's First Amendment or due process rights.  *See Arnett v. Jackson*, 393 F.3d 681, 686-88 (6th Cir. 2005) (Holding that "the Supreme Court has never specifically decided whether a defendant's right to due process is violated if a religious text or commentary is cited during a sentencing hearing and/or considered by a trial court in reaching a sentencing determination," and determining sentencing judge's reference to her own religious beliefs in imposing sentence did not violate defendant's right to due process).  While the Due Process clause entitles Jones

to "a fair trial in a fair tribunal," *In re Murchison*, 349 U.S. 133, 136 (1955), and a sentence not based on his religion, *see Zant v. Stephens*, 462 U.S. 862, 885 (1983), or "erroneous information," *see United States v. Tucker*, 404 U.S. 443, 448 (1972), he has not established that the sentencing judge was biased or based Jones' sentence on an impermissible factor.

## D. Certificate of Appealability

The only remaining question on habeas review is whether to grant Jones a certificate of appealability.  Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Here, Jones has not made a showing, substantial or otherwise, that his petition was timely-filed, he did not procedurally default his claim, or his conviction was obtained in violation of clearly established federal law as decided by the United States Supreme Court.  Because no reasonable jurists would debate these issues under clearly established federal law or its application to a reasonable interpretation of the facts, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that petitioner Raymond Jones' amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 (dkt. #27) is DENIED, and Jones is DENIED a certificate of appealability.

Entered this 3rd day of February, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge